IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:21-cv-106

| | |
|---|---|
| SONYA SHAW, Ph.D. ) | |
| ) | |
| Plaintiff, ) | **DEFENDANT'S ANSWER AND** |
| ) | **AFFIRMATIVE DEFENSES TO** |
| v. ) | **PLAINTIFF'S COMPLAINT AND** |
| ) | **MOTION TO DISMISS** |
| THE TOWN OF GARNER, ) | |
| ) | |
| Defendant. ) | |

NOW COMES Defendant, The Town of Garner (hereafter referred to as "Defendant"), by and through the undersigned counsel, hereby responding to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

This Defendant pleads lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to the provisions of Rule 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

This Defendant pleads all applicable immunities to which it is entitled to by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity, qualified immunity, public officials' immunity, and the public

1

duty doctrine.

## FOURTH DEFENSE

This Defendant pleads justification and authority of law in bar of some or all claims against them in this matter.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

If it is determined that this Defendant was negligent, which is again denied, and that such negligence was a direct and proximate cause of the injuries allegedly sustained by the Plaintiff, then it is alleged that the Plaintiff herself was negligent and that such negligence was the proximate cause of Plaintiff's injuries or damages, if any. Therefore, contributory negligence is pleaded in bar of Plaintiff's right to recover of this Defendant.

## SEVENTH DEFENSE

In the alternative, this Defendant denies that the incident referenced in Plaintiff's Complaint was a proximate cause of at least some of the injuries or damages alleged by Plaintiff.

## EIGHTH DEFENSE

This Defendant pleads Plaintiff's failure to mitigate damages in bar to or limitation of any damages to which she might otherwise be entitled to in this action.

## NINTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

To the extent that this paragraph warrants a response, Defendant DENIES engaging in any discriminatory employment practices and taking adverse action against Plaintiff's employment based on her race and sex.

## PARTIES, JURISDICTION, AND VENUE

1. Defendant ADMITS the allegation contained in Paragraph 1 of Plaintiff's Complaint.
2. Defendant ADMITS the allegation contained in Paragraph 2 of Plaintiff's Complaint.
3. Defendant ADMITS the allegation contained in Paragraph 3 of Plaintiff's Complaint.
4. Defendant ADMITS the allegation contained in Paragraph 4 of Plaintiff's Complaint.
5. Defendant ADMITS the allegation contained in Paragraph 5 of Plaintiff's Complaint.
6. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, therefore it is DENIED.
7. Defendant ADMITS the allegation contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8. Defendant ADMITS the allegation contained in Paragraph 8 of Plaintiff's Complaint.
9. Defendant ADMITS the allegation contained in Paragraph 9 of Plaintiff's Complaint.
10. Defendant ADMITS the allegation contained in Paragraph 10 of Plaintiff's Complaint, except for the reference to "glowing" which is DENIED.
11. Defendant ADMITS the allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant ADMITS that the Parks and Recreation Department became a nationally accredited department, but DENIES the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant DENIES the allegation contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant ADMITS that Plaintiff received low performance reviews and a written Level 1 warning, but DENIES that there was no reasonable basis for the reviews or warning.

15. Defendant ADMITS that Plaintiff appealed the Level 1 written warning and ultimately the Town Manager rescinded the written warning finding the underlying concerns identified in the Level 1 written warning to be valid and a need for them to be documented to facilitate change.

16. Defendant DENIES the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant DENIES the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant DENIES the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant DENIES that it retaliated against Plaintiff in any way, but ADMITS that, consistent with town policy, Plaintiff's staff was allowed to bypass Plaintiff to report grievances involving the Plaintiff.

20. Defendant ADMITS the allegations contained in Paragraph 20 of Plaintiff's

Complaint.

21. Defendant DENIES the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant DENIES the allegations contained in Paragraph 22 of Plaintiff's Complaint as they relate to the day-to-day operations of the Town and the Parks and Recreation Department, but ADMITS that Plaintiff was excluded from meetings that concerned issues related to her job performance.

23. Defendant ADMITS that the meeting occurred, but DENIES the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant ADMITS the allegations contained in Paragraph 24, and all subparts thereof, of Plaintiff's Complaint.

25. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant was never served with, or otherwise aware of, any Charge of Discrimination filed by Plaintiff with the EEOC at a date prior to August 27, 2020, therefore Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 27 of Plaintiff's Complaint, so it is deemed DENIED.

28. Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 28 of Plaintiff's Complaint, therefore it is DENIED.

29. Upon information and belief, Defendant ADMITS that on December 5, 2020, the

EEOC issued a Dismissal and Notice of Rights letter to Plaintiff in file number 433-2020-02910, however, that matter was initiated by Plaintiff filing a Charge of Discrimination on November 20, 2020, not prior to August 27, 2020 as suggested in Paragraph 27 above. Plaintiff's Complaint contains no Exhibit A.

30. Defendant lacks sufficient information to admit or deny the allegation contained in Paragraph 30 of Plaintiff's Complaint, therefore it is DENIED.

**FIRST CLAIM OF RELIEF**
(Race and Color Discrimination)

31. Defendant hereby incorporates by reference its responses to Paragraphs 1-30 as if fully set forth herein.

32. Paragraph 32 contains a statement of the law to which no answer is required.

33. Defendant ADMITS the allegation contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant ADMITS the allegation contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant ADMITS that the Parks and Recreation Department was locally, state-wide and nationally awarded for its performance, but DENIES the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant ADMITS that Plaintiff received performance reviews, but DENIES the reference to "glowing" and that she was targeted by the Defendant.

37. Defendant ADMITS that Plaintiff's employment was terminated on October 28, 2020, but DENIES the remaining allegations contained in Paragraph 37 of Plaintiff's

6
Case 5:21-cv-00106-FL   Document 8   Filed 03/31/21   Page 6 of 11

Complaint.

38. Defendant DENIES the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant lacks sufficient information to admit or deny the vague and unspecific allegation set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendant lacks sufficient information to admit or deny the vague and unspecific allegation set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendant DENIES the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant DENIES the allegations contained in Paragraph 42 of Plaintiff's Complaint.

**SECOND CLAIM OF RELIEF**
(Sex Discrimination)

43. Defendant hereby incorporates by reference its responses to Paragraphs 1-42 as if fully set forth herein.

44. Paragraph 44 contains a statement of the law to which no response is required.

45. Paragraph 45 contains a statement of the law to which no response is required.

46. Defendant ADMITS the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant ADMITS that Plaintiff received reviews on her work performance but DENIES the reference to "great" and that Plaintiff was targeted by Defendant.

48. Defendant ADMITS that the Parks and Recreation Department became a nationally

7

accredited department and received local, state-wide, and national awards but DENIES the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant ADMITS the allegation contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant lacks sufficient information to admit or deny the vague and unspecific allegation set forth in Paragraph 50 of Plaintiff's Complaint.

51. Defendant lacks sufficient information to admit or deny the vague and unspecific allegation set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendant DENIES the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant DENIES the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## THIRD CLAIM OF RELIEF
(Retaliation)

54. Defendant hereby incorporates by reference its responses to Paragraphs 1-53 as if fully set forth herein.

55. Paragraph 55 contains a statement of the law to which no response is required.

56. Paragraph 56 contains a statement of the law to which no response is required.

57. Defendant DENIES the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant DENIES the allegations contained in Paragraph 58 of Plaintiff's

Complaint.

59. Defendant DENIES the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant DENIES the allegations contained in Paragraph 60 of Plaintiff's Complaint.

**FOURTH CLAIM OF RELIEF**
(Violation of 42 U.S.C. § 1983)

61. Defendant hereby incorporates by reference its responses to Paragraphs 1-60 as if fully set forth herein.

62. Defendant DENIES the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant DENIES the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant DENIES the allegations contained in Paragraph 64 of Plaintiff's Complaint.

**FIFTH CLAIM OF RELIEF**
(Wrongful Discharge in Violation of Public Policy)

65. Defendant hereby incorporates by reference its responses to Paragraphs 1-64 as if fully set forth herein.

66. Paragraph 66 contains a statement of the law to which no response is required.

67. Defendant DENIES the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant DENIES the allegations contained in Paragraph 68 of Plaintiff's Complaint.

**ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF.**

WHEREFORE, having answered the Amended Complaint of the Plaintiff, Defendant respectfully prays that the Court grant the following:

a) Plaintiff have and recover nothing;

b) Plaintiff's claims against Defendant be dismissed with prejudice;

c) That the costs of this action, to include reasonable attorney's fees, be taxed to the Plaintiff;

d) That all issues triable be tried by a jury and;

e) For all such other and further relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

This the 31st day of March, 2021.

                         CRANFILL SUMNER, LLP

                         BY: */s/ Paul G. Gessner*
                                 Paul G. Gessner, NC Bar #18213
                                 *Attorney for Defendant*
                                 P.O. Box 27808
                                 Raleigh, NC 27611
                                 Telephone (919) 863-8734
                                 Facsimile (919) 863-3477
                                 pgessner@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and Motion to Dismiss* with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

>Kevin L. Littlejohn , II
>klittlejohn@shipmanlaw.com
>*Attorney for Plaintiff*

This the 31st day of March, 2021.

>CRANFILL SUMNER, LLP
>
>BY: */s/ Paul G. Gessner*
>Paul G. Gessner, NC Bar #18213
>*Attorney for Defendant*
>P.O. Box 27808
>Raleigh, NC 27611
>Telephone (919) 863-8734
>Facsimile (919) 863-3477
>pgessner@cshlaw.com